## In re COTTON YARN ANTITRUST LITIGATION

### No. MDL 1622.

Judicial Panel on Multidistrict Litigation.

Aug. 26, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN,[*] Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of seven actions: six actions in the Middle District of North Carolina and one action in the Eastern District of North Carolina.[1] Before the Panel is a motion by the Middle North Carolina plaintiffs,[2] pursuant to 28 U.S.C. § 1407, to centralize these actions for coordinated or consolidated pretrial proceedings in the Middle District of North Carolina. The Parkdale defendants—Parkdale America, LLC, and Parkdale Mills, Inc.—agree that centralization is appropriate, but suggest the Eastern District of North Carolina as transferee district. The Eastern North Carolina plaintiff, Thomaston Mills, Inc. (Thomaston Mills), also favors centralization in the Eastern District of North Carolina, but at the Panel hearing session the moving Middle North Carolina plaintiffs represented that Thomaston Mills had recently moved to voluntarily dismiss its Eastern North Carolina action. Defendant Frontier Spinning Mills, Inc., does not take a position on the most appropriate transferee district for this litigation.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Middle District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the existence, scope and effect of an alleged conspiracy to fix the price of cotton yarn in the United States and/or to allocate the U.S. cotton yarn market and customers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ The Panel is persuaded that the Middle District of North Carolina is an appropriate transferee district for this litigation. We note that i) six of the seven actions in this litigation are currently pending there, and ii) because of the locations of defendants' headquarters, documents and witnesses can likely be found in that district or in the vicinity.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending in the Eastern District of North Carolina is transferred to the Middle District of North Carolina and, with the consent of that court, assigned to the Honorable James A. Beaty, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

---

[*] Judge Hansen did not participate in the decision of this matter.

1. One potentially related tag-along action pending in the Western District of North Carolina was voluntarily dismissed on July 22, 2004. This plaintiff represented to the Panel that this action would be re-filed in the Middle District of North Carolina.

2. Atlantic Textiles; South Carolina Tees, Inc.; Lisa Lesavoy (successor-in-interest to Apparel Sales & Printing, Inc., and 3–1, Inc.); Armen Co. Inc.; Mekfir International Corporation; and Dell Cartier Associates, Inc.

## SCHEDULE A

*MDL–1622—In re Cotton Yarn Antitrust Litigation*

*Eastern District of North Carolina*

*Thomaston Mills, Inc., etc. v. Parkdale America, LLC, et al.,* C.A. No. 5:04–292

*Middle District of North Carolina*

*Atlantic Textiles v. Parkdale America, LLC, et al.,* C.A. No. 1:04–185

*South Carolina Tees, Inc. v. Parkdale America, LLC,* C.A. No. 1:04–233

*Lisa Lesavoy, etc. v. Parkdale America, LLC,* C.A. No. 1:04–283

*Armen Co., Inc. v. Parkdale America, LLC, et al.,* C.A. No. 1:04–312

*Mekfir International Corp. v. Parkdale America, LLC, et al.,* C.A. No. 1:04–371

*Dell Cartier Associates, Inc. v. Parkdale America, LLC, et al.,* C.A. No. 1:04–412